IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| JANICE S. LUCAS, individually and as the Surviving Spouse of James David Lucas, Deceased,<br><br>Plaintiff,<br><br>vs.<br><br>TEXAS INTERNATIONAL LIFE INSURANCE COMPANY, a foreign corporation,<br><br>Defendant. | )<br>)<br>)<br>)<br>)<br>)<br>) No. CIV-11-163-FHS<br>)<br>)<br>)<br>)<br>) |

**ORDER**

Before the court for its consideration is the issue of damages on the breach of contract claim.[1] At the court's request, the parties fully briefed this issue. After reviewing the briefings of the parties, the court determined that a ruling must be rendered regarding the appropriate measure of damages for this breach of contract claim. Plaintiff believes she is entitled to the amount billed to her by the physician or medical facility. Defendant, basing its argument on the enactment in 2006 of 36 O.S.A. Sec. 3651, argues that damages must be calculated using the amount a provider accepts as payment.[2] The policy in question allows for reimbursement of "actual charges".

---

[1]The court had previously entered an order granting summary judgment to plaintiff on her Breach of Contract claim.

[2]Plaintiff argues that defendant has waived its right to rely on a revised interpretation of "actual charges" because defendant failed to object earlier. Further, plaintiff argues defendant actually paid some bills based on the amount billed by the provider. However, the court does not see this as a waiver of defendant's right to now argue a new revised definition of "actual charges".

1

However, the policy fails to define this term.  The policy was issued in 1991 and continued in effect until Mr. Lucas' death. There is no evidence that it was renewed periodically. Rather it was continuously in effect as long as payment was made.  In 2006, the Oklahoma Legislature enacted a statutory provision that defines "actual charges".   36 O.S.A. Sec. 3651 provides:

> A. As used in an individual or group specified disease insurance policy, "actual charge" or "actual fee" means the amount actually paid by or on behalf of the insured and accepted by a provider for services provided. Insurance policies that use these terms must use them as defined in this section.
>
> B. Except as provided by subsection C of this section, the change in law made by this section applies only to insurance policies delivered, issued for delivery, or renewed on or after the effective date of this act.  An insurance policy delivered, issued for delivery, or renewed before the effective date of this act is governed by the law in effect immediately before that date, and that law is continued in effect for that purpose.
>
> C. This section applies to an insurance policy in effect on the effective date of this act only if the policy does not define "actual charge" or "actual fee".

Plaintiff argues this provision does not apply because the policy in question did not renew after November 1, 2006, the date the statute took effect.  Plaintiff argues the policy was continually in effect from 1991 until Mr. Lucas' death.  However, defendant argues that subsection C of the statute makes the provision applicable.  This court agrees with defendant.  The policy was in effect in 2006 when this provision was enacted. Further, the policy in question does not define the term "actual charges".  Thus, based on the plain meaning of subsection C, the statute is applicable to the policy at issue.  See also Stangle v. Occidental Life Insurance Company of North Carolina, 804 F.

2

Supp. 2d 1224, 1232 (W.D. Okla. 2011)("Because the policy at issue does not define the term 'actual charges',... there is no question but that Section 3651 applied to Plaintiff's policy after the statute's effective dates of November 1, 2006.")  This ruling also supports the legislature's intent in implementing the statute so as to prevent a person with primary insurance from receiving a windfall.  <u>Lindley v. Life Investors Insurance Company of America</u>, 2010 WL 723670 (N.D. Okla. 2010). Accordingly, the court finds the term "actual charges" as used in the policy in question is the amount paid either by or on behalf of the insured.

   Defendant has also requested this court to limit plaintiff's contract damages to less than $75,000.00 based on plaintiff's own statements and discovery responses.  Defendant contends that multiple times through out the course of this litigation the plaintiff has asserted that her damages do not exceed $75,000.00. Defendant contends that it was not until January 2012 did plaintiff request more in damages than the $75,000.00 originally requested. Defendant also claims that plaintiff has yet to specify in discovery the basis for and method of calculation of damages despite the obligation to do so.

   When the defendant removed this case to this court it asserted the amount in controversy exceeds $75,000.00.  In support of this assertion, defendant cited  Mrs. Lucas' deposition testimony where she indicated she believed at the time that her contract damages totaled at least $75,000.00  and that there were likely additional claims or expenses not included in her calculation that could be recoverable.  Thus, defendant was well aware at the time it removed this case to federal court that the amount in controversy as to the contract claim exceed, if

3

only barely, $75,000.00.  As a result, it cannot now ask this court to limit the plaintiff's damages to a lesser amount.

In light of the ruling regarding "actual charges", the court has determined that it cannot make a calculation of the damages suffered by plaintiff because of the defendant's breach of contract.  The court finds this is an issue for the jury to determine.

Further, the court denies the Defendant's Motion for Damages (Doc. 117) as it relates to its request for the court to deny the plaintiff's recovery for breach of contract altogether and to limit Plaintiff's recovery to less than $75,000.00.

IT IS SO ORDERED this 30th day of November, 2012

Frank H. Seay
United States District Judge